**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-165(1) |
| | § | C.A. No. C-05-154 |
| LUIS CARLOS GARZA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING**
**MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,**
**AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Luis Carlos Garza's ("Garza" or "Defendant") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 39),[1] which was received by the Clerk on March 25, 2005.  The Court ordered the government to respond, and the government filed a response and also moved for dismissal of the motion. (D.E. 45).  Garza subsequently filed "objections" to the government's motion for dismissal (D.E. 46), which the Court treats as a reply and has considered.  On September 6, 2005, Garza also filed a motion for leave to supplement the record pursuant to Fed. R. Civ. P. 15(d).  (D.E. 47).  The motion to supplement (D.E. 47) is GRANTED, and the Court

---

[1]  Dockets entries refer to the criminal case, C-03-cr-165.

1

considers herein the additional claims raised in Garza's supplement, as well as the government's response (D.E. 54),[2] and Garza's objections thereto.  (D.E. 55).

For the reasons discussed in detail herein, the Court GRANTS the government's motion to dismiss and DENIES Garza's § 2255 motion.  Finally, the Court DENIES Garza a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

### A.  Summary of Offense[3]

On December 18, 2002, DEA agents were informed by a Confidential Source that the CS had made arrangements with a marijuana distribution organization to assist in the distribution of approximately 2000 pounds of marijuana through the Falfurrias, Texas Border Patrol Checkpoint.  DEA made arrangements with the Border Patrol to conduct an exterior free air search on the tractor, but to allow it to continue through the checkpoint.  At approximately 6:50 p.m., a blue Freightliner tractor entered the checkpoint, and Garza was

---

[2] The government was initially ordered to respond to the supplement in an order entered January 25, 2006 (D.E. 48).  It failed to timely respond, and an order to show cause was signed on March 18, 2006, asking the government to show cause why it had failed to respond as ordered.  (D.E. 50).  On March 23, 2006, the government filed its response to the supplement (D.E. 54), as well as a direct response to the order to show cause. (D.E. 53).  Based on the response to the order to show cause, the Court understands that the government's failure to respond was inadvertent and that the United States Attorney's Office has taken corrective measures to ensure that similar deadlines are not missed in the future.  Accordingly, the Court believes cause has been shown for the government's failure, and considers herein the sealed response.

[3] Factual information concerning the offense is derived from the Presentence Investigation Report ("PSR") at ¶¶ 4-8.

the driver and sole occupant.  After the tractor had gone through the checkpoint, the Border Patrol agent advised DEA agents that the service canine had alerted to the trailer.

At approximately 8:45 p.m. that same evening, the tractor was stopped, at the request of DEA agents, by the Texas Department of Public Safety for speeding.  While questioning Garza about his cargo, the trooper received conflicting statements.  The trooper then asked for, and Garza gave consent to search the trailer.  When the trailer door was opened, the trooper smelled a strong odor of marijuana.  Garza stated to the trooper that he had personally checked the cargo before placing the lock on the trailer door.

Garza agreed to follow the trooper to the Co-op in Three Rivers, Texas, where 2,312.2 kilograms of marijuana were seized from his trailer.  Garza was read his Miranda Warnings, and agreed to answer questions and gave a statement.  He claimed that he had been attempting to find work when he saw a job announcement for truck drivers and called the number listed.  He said that he spoke with a man named Jesse Rodriguez and was given a phone number to call in order to pick up a load.  According to Garza, he called the phone number and was given directions to a warehouse, but he could not recall the location.  Once at the warehouse, three Hispanic males were present, and two of the three loaded his trailer with boxes.  He was told to wait in the tractor while his trailer was being loaded.  Once it was loaded, Garza put his own lock on the trailer door.

Garza also stated that Rodriguez had instructed him to take the load to San Antonio, find a hotel to sleep at, and then call him the next morning for directions to a location where

3

the load would be delivered.  Garza reported that he was going to be paid $350 for the trip. He also stated that he did not know there were drugs in the trailer.

## B.    Criminal Proceedings

On June 11, 2003, Garza was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 2,315 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1).  On February 17, 2004, Garza pleaded guilty pursuant to a written plea agreement with the government. (D.E. 22, 23).  In exchange for his guilty plea, the government agreed to recommend that he receive a three-level credit for acceptance of responsibility, and to recommend a sentence at the low end of the applicable guideline range.  The government also agreed to consider filing a motion for reduction of sentence if Garza provided substantial assistance.

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR") and sentencing occurred on April 26, 2004. (D.E. 24, 35).  The PSR calculated Garza's offense level at 32. (PSR at ¶ 13).  After a three-level reduction for acceptance of responsibility, his total offense level was 29. (PSR at ¶¶ 13-22).  Garza had four criminal history points, resulting in a criminal history category of III.  (PSR at ¶¶ 24-27).  The resulting guideline range for a term of imprisonment was 120 to 135 months. (PSR at ¶ 40).

At sentencing, the Court adopted the PSR and sentenced Garza to 124 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term.

4

The Court also imposed a $500 fine and a $100 special assessment. (D.E. 35, 36). Judgment was entered on April 30, 2004.  (D.E. 36).  Garza did not appeal.

Garza filed the instant motion on March 25, 2005.  It is timely.

### III.  MOVANT'S ALLEGATIONS

In his motion, Garza asserts four claims.  First, he generally faults his trial counsel's representation.  In addition to claiming his counsel was ineffective "during trial," (despite the fact that there was no trial), Garza also claims that his counsel failed to properly investigate prior to trial, and failed to make objections during sentencing.

Second, he argues that the district court erred in sentencing him because it found the facts supporting his criminal history points, rather than having them determined by a jury beyond a reasonable doubt.  In the same claim, he argues that because he had previously been convicted of a Title 21 drug trafficking offense he cannot be punished again because that is "double counting."

In his third ground for relief, he reiterates his argument that the increase to his sentence based on his criminal history should have been determined by a jury beyond a reasonable doubt.  In support of his claim that the Court's actions violated his constitutional rights, he relied on United States v. Booker, 543 U.S. 220 (2005).[4]  Garza also devotes nearly all of his supporting memorandum to arguing that Booker should be applied retroactively.

---

[4] For purposes of this Order, familiarity with the holdings in Booker is assumed.

In his fourth ground for relief, he again states that a jury should have found facts that were used to enhance his sentence, and that his Sixth Amendment rights were violated when the jury was not utilized.  He also claims that the government failed to file a notice of enhancement pursuant to 21 U.S.C. § 851.

After the government filed its response and motion to dismiss, Garza filed a motion for leave to supplement the record. (D.E. 47).  The Court sealed the motion and ordered the government to respond.   In his supplement, he raises an additional ineffective assistance of counsel claim.  Specifically, he alleges that his counsel failed to present evidence at sentencing of his substantial cooperation, which he claims would have resulted in a sentence reduction under U.S.S.G. § 5K1.1.

Rather than address all of his claims in the order in which he has raised them, the Court will group them by topic.  All of his claims can be effectively grouped into three general claims: 1) ineffective assistance of counsel claims; 2) claims based on Booker; and 3) claims of errors during sentencing.  The Court addresses his claims herein in those three groupings.

The government has moved to dismiss Garza's original § 2255 motion, as well as the additional claims raised in his supplement.  (D.E. 45, 54).  The Court has considered the government's filings, as well as Garza's "objections" to the government's motion to dismiss. (D.E. 46).

## IV.  DISCUSSION

**A.      28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

**B.      Procedural Bar**

Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings.  See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).  A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is factually innocent of the crime charged.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

Garza's ineffective assistance claims are properly made for the first time in a § 2255 motion because they raise an issue of constitutional magnitude and generally cannot be raised on direct appeal.  United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).  Thus, the Court will address these claim on their merits.

Garza's remaining claims all should have been raised on direct appeal.   Because he did not appeal, they were never raised.   His failure to raise these grounds on appeal precludes this Court's consideration of the claim as part of his § 2255 motion, unless Garza can demonstrate either "cause and prejudice" or "actual innocence."  Bousley, 523 U.S. at 622; Jones, 172 F.3d at 384.  Garza does not contend that he is actually innocent.  Instead, he conclusorily claims that his counsel failed to appeal, which, if true, could satisfy the cause and prejudice standard. United States v. Patten, 40 F.3d 774 (5th Cir. 1994) (claim that appellate counsel was ineffective for failing to raise a constitutional issue on direct appeal satisfies the cause and prejudice standard).  Thus, the Court considers the merits of his remaining claims, as well, rather than dismissing them based on the procedural bar.

## C.    Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his

counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).  If the movant fails to prove one prong, it is not necessary to analyze the other.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 1.    Alleged Failure to Investigate

As previously noted, Garza makes the conclusory statement that he received ineffective assistance of counsel because his counsel failed to investigate.   His initial motion did not provide any detail as to what his counsel should have investigated or how it would have altered the outcome of his plea or his sentencing.  Construing his motion liberally, he could be arguing that his attorney should have known that he debriefed to government agents and should have made that information available to the Court.  This claim is encompassed within his claim that his counsel was ineffective for failing to obtain a reduction in his sentence for substantial assistance, addressed in Section IV.C.2. infra, and fails for the reasons discussed therein.

Garza's motion does not contain any other specifics as to what his counsel should have investigated or what such additional investigation would have revealed.   His claim fails on this ground alone.  United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.").  Moreover, there is no presumption of prejudice based on a failure to investigate.  Woodard v. Collins, 898 F.2d 1027, 1029 (5th Cir. 1990).  Because Garza has not raised any specific facts that would show prejudice as a result of his counsel's alleged failure to investigate, his claim fails.

**2.      Alleged Failure at Sentencing**

Garza also claims that his counsel was ineffective for failing to "object" at sentencing. The only specific details he offers in support are his arguments that his counsel should have objected to the failure of the Court to give a reduction for substantial assistance, or should have presented to the Court information about his substantial assistance.  To the extent he is claiming that his counsel should have made any other objections at sentencing, his claim fails because he offers no detail in support of this claim, and no further explanation.  United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted).

His claim that his attorney should have obtained a reduction for substantial assistance fails because he cannot show either deficiency or prejudice. As an initial matter, and contrary to Garza's contention, his counsel did bring to the Court's attention Garza's attempt to secure a reduction for substantial assistance. (D.E. 43, Sentencing Transcript ("S. Tr.") at 11-15). Garza has not specified with any particularity anything else that his counsel did or failed to do that made him deficient.

Garza's claim also fails because he cannot establish prejudice. The plea agreement itself makes clear that the government would ask for a downward departure under § 5K1.1 only if Garza provides "substantial assistance," as determined in the government's discretion. (D.E. 23). Specifically, the agreement states:

> Furthermore, should the Defendant provide substantial assistance as outlined in U. S. Sentencing Guidelines, Section 5K1.1 and 18 U.S.C. 3553(e) the Government will recommend to the Court a reduction in the Defendant's sentence and recommend a sentence commensurate with the value, completeness, and truthfulness of the Defendant's information. ***This agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant has not provided substantial assistance.*** Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, to include complete and honest debriefing which assists in the investigation or prosecution of other individuals, and complete and truthful testimony at subsequent trials when needed. In this connection, it is understood the Government's determination of whether the Defendant has cooperated fully and provided substantial cooperation, and the Government's assessment of the value, truthfulness and completeness of the Defendant's cooperation

are solely within the judgment and discretion of the Government and shall be binding upon the Defendant. ***The Defendant agrees the decision whether to file such a motion rests within the sole discretion of the Government.***

(D.E. 23 at ¶ 4 (emphasis added).   As the foregoing shows, it was solely within the government's discretion to determine whether Garza provided substantial assistance.

In its response to his supplement, the government plainly states that Garza did not provide any verifiable information that would qualify as substantial assistance to the government.  (D.E. 54 at 4-6).  Indeed, the government stated that it was "questionable" whether he even truthfully debriefed concerning the instant offense, and that there was not cooperation rising to the level of substantial assistance.  (D.E. 54 at 5).  Thus, it is clear that the government does not believe Garza provided substantial assistance.  Garza certainly has not shown that the government's determination is an abuse of its discretion.

Nor has he shown that his counsel could have done anything to change that determination.  Notably, it was within Garza's control, not his attorney's, to provide helpful and truthful information to the government. Either he failed to provide honest information, or the information he gave was not verifiable and otherwise useful to the government. Either way, the outcome, i.e., the government not moving for a downward departure, cannot be said to be the result of ineffective assistance of counsel.  For all of these reasons, Garza cannot show prejudice.  His claim fails.

Moreover, to the extent he is arguing that he should be given a reduction in his sentence for substantial assistance to the government, his request is denied.  This Court has authority to modify or  correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

As the Court has noted, the government has not moved for a reduction in his sentence, and contends that Garza did not provide substantial assistance that would entitle him to a reduction.  Accordingly, this Court is without authority to grant a reduction in sentence for substantial assistance.

For all of the foregoing reasons, Garza's claims of ineffective assistance of counsel fail.

## D.   **Booker Claims**

Many of Garza's arguments rely on the Supreme Court's decision in Booker.  The Fifth Circuit has squarely held, however, that Booker  is not retroactive on collateral

review.  United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions").  Thus, Booker does not provide a basis for relief to a defendant, such as Garza, whose conviction became final before the case was decided.  Gentry, 432 F.3d at 603-04 & n.2.

Moreover, in this case there were no "enhancements" to Garza's sentence.  The offense level was not changed based on any findings by the Court.  Although the fact of his prior convictions resulted in a higher sentence because of his criminal history, such findings were expressly exempted from the holding in Booker.  Booker, 543 U.S. at 244 ("we reaffirm our holding in Apprendi:[5] Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added).

For all of these reasons, Garza's claims pursuant to Booker do not entitle him to relief.

## E.     Claims Regarding Errors At Sentencing

As noted, Garza also makes two additional claims of error related to his sentence.  First, he argues that the Court improperly "double counted" his prior conviction for a drug offense.  His argument on this point is unclear.  To the extent he is claiming making a

---

[5] Apprendi v. New Jersey, 530 U.S. 466 (2000).

14

double jeopardy claim, the Court's consideration of a prior conviction in sentencing Garza is in conformity with the Sentencing Guidelines and does not violate the principles against double jeopardy.  See Witte v. United States, 515 U.S. 389, 400 (1995) ("In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense ... [is] a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." (internal citation and quotation omitted); see also United States v. Booker, 543 U.S. at 240 (discussing Witte).

To the extent that he is claiming that the scoring of his prior criminal offense was somehow improper under the United States Sentencing Guidelines, this claim also fails.  First, misapplication of the sentencing guidelines is not a cognizable claim in a § 2255 motion.  United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).  Moreover, the Court did not err.  The guidelines provide that certain prior convictions are used to establish a defendant's criminal history.  An advisory guideline range is then calculated using a combination of the offense level and the criminal history.  The Court did not act improperly, and the prior conviction was properly scored.  (U.S.S.G. § 4A1.1(a); PSR at ¶ 24).

Garza's second claim or error at sentencing is that his sentence was somehow improper because the government failed to file a notice of enhancement pursuant to 21 U.S.C. § 851.  This claim is similarly infirm.  Title 21 U.S.C. § 851 requires the government to file an "information" with the Court a certain time prior to trial before a

defendant can be sentenced to certain increased punishment by reason of prior convictions. 21 U.S.C. § 851.  The increased punishments, however, refer to the enhanced sentences provided in Section 841(b)(1)(A), not the mere scoring of prior criminal convictions for purposes of determining a defendant's criminal history.  If Garza had been subject to that enhanced punishment, Garza's mandatory minimum for the offense would have been twenty years, not ten.  See 21 U.S.C. § 841(b)(1)(A).  Quite simply, he was not subject to the enhanced sentence and the government, therefore, was not required to file an information with the Court.   Section 851 is simply inapplicable.  Accordingly, this claim, too, fails on the plain record of the case.

## F.      Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Garza has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

16

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Garza's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, Garza is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the above-stated reasons, the movant's motion to supplement (D.E. 47) is GRANTED and the Court has considered his supplement.  The government's motion to dismiss (D.E. 45) is GRANTED, and Garza's motion under 28 U.S.C. § 2255 (D.E. 39) is

DISMISSED WITH PREJUDICE.  The Court also DENIES Garza a Certificate of Appealability.

Ordered this 8th day of April 2006.

_____
HAYDEN HEAD
CHIEF JUDGE